DENSON V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-360-CR

KEITH DEWAYNE DENSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant Keith Dewayne Denson of two counts of aggravated robbery and sentenced him to sixty years’ confinement with a $1,000 fine for each count.  In a single point, Appellant challenges the legal and factual sufficiency of the evidence underlying his conviction.  We will affirm.

Background Facts

On December 16, 2001, Patty Bethke was working at the Family Dollar Store located at the intersection of Pioneer Parkway and Cooper Street in Arlington, Texas.  Bethke was talking with Darla Newbold, another employee who was not working that day, as Newbold, her husband, and two of her children were in the store shopping.  As Newbold was leaving, Bethke asked her to remain in the store because she believed that she was about to be robbed.  Two men approached the women who were standing at the front of the store near the cash registers.  Both men had guns, and one man pointed his gun at Bethke’s neck while the other man pointed his gun at Newbold’s head.  The armed men pushed Bethke, Newbold, and Rachel McIntosh, a customer in the store, back through a storeroom door and away from the front of the store.  The men threatened to kill Newbold if Bethke did not open the office door.  The men forced Bethke to open the store safe and took about $7,000 in money and checks.

Standard of Review

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict  in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001).  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.  When performing a legal sufficiency review, we may not sit as a thirteenth juror, re-evaluating the weight and credibility of the evidence and, thus, substituting our judgment for that of the fact finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
See Zuniga v. State
, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only question to be answered in a factual sufficiency review is whether, considering the evidence in a neutral light, the fact finder was rationally justified in finding guilt beyond a reasonable doubt.  
Id
. at 484.  There are two ways evidence may be factually insufficient:  (1) the evidence supporting the verdict or judgment, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict or judgment, weighing all of the evidence, the contrary evidence is so strong that guilt cannot be proven beyond a reasonable doubt.  
Id
. at 484-85.  “This standard acknowledges that evidence of guilt can ‘preponderate’ in favor of conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt.”  
Id
. at 485.  In other words, evidence supporting a guilty finding can outweigh the contrary proof but still be insufficient to prove the elements of an offense beyond a reasonable doubt.  
Id
.   In performing a factual sufficiency review, we are to give deference to the fact finder’s determinations, including determinations involving the credibility and demeanor of witnesses.  
Id.
 at 481; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for that of the fact finder’s.  
Zuniga, 
144 S.W.3d at 482.  

A proper factual sufficiency review requires an examination of all the evidence.  
Id
. at 484, 486-87.  An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

When a defendant contests the identity element of the offense, we are mindful that identity may be proven by direct evidence, circumstantial evidence, or even inferences.  
Roberson v. State
, 16 S.W.3d 156, 167 (Tex. App.—Austin 2000, pet. ref'd).  If there is no direct evidence of the perpetrator's identity elicited from trial witnesses, no formalized procedure is required for the State to prove the identity of the accused.  
Clark v. State
, 47 S.W.3d 211, 214 (Tex. App.—Beaumont 2001, no pet.).  The sufficiency of the evidence is determined from the cumulative effect of all the evidence; each fact in isolation need not establish the guilt of the accused.  
See Guevara v. State, 
152 S.W.3d 45, 49 (Tex. Crim. App. 2004); 
Alexander v. State
, 740 S.W.2d 749, 758 (Tex. Crim. App. 1987).

Legal and Factual Sufficiency

Appellant complains that the evidence is legally and factually insufficient to sustain his conviction.  Specifically, he complains that the differences between the description of the robbers given by the witnesses and the discrepancies of the descriptions are such that no reasonable juror could conclude Appellant was guilty beyond a reasonable doubt.

Bethke, Newbold, and McIntosh witnessed the robbery and were able to provide police with a description of the assailants and what they were wearing.  Bethke was shown a photospread approximately three days after the robbery where she identified Appellant as one of the armed robbers.  She was not, however, able to identify Appellant in court on September 3, 2003, almost two years after the robbery occurred.

Newbold also identified Appellant in a photospread, and furthermore, clearly identified Appellant in court as one of the two robbers that robbed the women at the Family Dollar Store on December 16, 2001.  Moreover, McIntosh was shown a photospread about five months after the robbery and was able to identify Appellant as one of the men who robbed the women.  McIntosh also had no doubt about her in-court identification of Appellant as the man who robbed the store.  After McIntosh identified Appellant, the State asked, “Is there any doubt in your mind that this man, the Defendant, sitting over at the other table is the man that was with the other man that robbed you that day at the dollar store?”  McIntosh responded, “No. He’s the one.”

An in-court identification by itself,
(footnote: 2) or a photospread identification by itself,
(footnote: 3) is sufficient evidence to support a conviction against an attack on the identity element.  Here, we have three individuals who identified Appellant as one of the assailants who robbed the women at the dollar store.  Each witness either picked Appellant’s picture from a photospread or identified him in court.  Any discrepancies in the testimony about Appellant’s clothing or appearance go to the weight and credibility of the witnesses and were before the jury for their consideration.  
See Bowden v. State
, 628 S.W.2d 782, 784 (Tex. Crim. App. 1982).  After reviewing all of the evidence in this case, we hold that the evidence is both legally and factually sufficient to support Appellant’s conviction of aggravated robbery.

Conclusion

Having overruled Appellant’s sole point, we affirm the trial court’s judgment.

PER CURIAM

PANEL F:  HOLMAN, J.; CAYCE, C.J.; and MCCOY, J.

DO NOT PUBLISH

Tex. R. App. P
. 47.2(b)

DELIVERED:  April 21, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4. 

2:
Aguilar v. State
, 468 S.W.2d 75, 77 (Tex. Crim. App. 1971); 
Lewis v
. 
State, 
126 S.W.3d 572, 575 (Tex. App.—Texarkana 2004, pet. ref’d).

3:
Oliver v. State
, 613 S.W.2d 270, 274 (Tex. Crim. App. [Panel Op.] 1981) (op. on reh’g); 
see Meeks v. State
, 897 S.W.2d 950, 954-55 (Tex. App.—Fort Worth 1995, no pet.).