COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-360-CR
  
  
KEITH 
DEWAYNE DENSON                                                     APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE 371ST DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        A 
jury convicted Appellant Keith Dewayne Denson of two counts of aggravated 
robbery and sentenced him to sixty years’ confinement with a $1,000 fine for 
each count.  In a single point, Appellant challenges the legal and factual 
sufficiency of the evidence underlying his conviction.  We will affirm.
Background 
Facts
        On 
December 16, 2001, Patty Bethke was working at the Family Dollar Store located 
at the intersection of Pioneer Parkway and Cooper Street in Arlington, 
Texas.  Bethke was talking with Darla Newbold, another employee who was not 
working that day, as Newbold, her husband, and two of her children were in the 
store shopping.  As Newbold was leaving, Bethke asked her to remain in the 
store because she believed that she was about to be robbed.  Two men 
approached the women who were standing at the front of the store near the cash 
registers.  Both men had guns, and one man pointed his gun at Bethke’s 
neck while the other man pointed his gun at Newbold’s head.  The armed 
men pushed Bethke, Newbold, and Rachel McIntosh, a customer in the store, back 
through a storeroom door and away from the front of the store.  The men 
threatened to kill Newbold if Bethke did not open the office door.  The men 
forced Bethke to open the store safe and took about $7,000 in money and checks.
Standard of 
Review
        In 
reviewing the legal sufficiency of the evidence to support a conviction, we view 
all the evidence in the light most favorable to the verdict in order to 
determine whether any rational trier of fact could have found the essential 
elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Burden v. State, 55 
S.W.3d 608, 612 (Tex. Crim. App. 2001).  This standard gives full play to 
the responsibility of the trier of fact to resolve conflicts in the testimony, 
to weigh the evidence, and to draw reasonable inferences from basic facts to 
ultimate facts.  Jackson, 443 U.S. at 319, 99 S. Ct. at 2789.  
When performing a legal sufficiency review, we may not sit as a thirteenth 
juror, re-evaluating the weight and credibility of the evidence and, thus, 
substituting our judgment for that of the fact finder.  Dewberry v. 
State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), cert. denied, 529 
U.S. 1131 (2000).
        In 
reviewing the factual sufficiency of the evidence to support a conviction, we 
are to view all the evidence in a neutral light, favoring neither party.  See 
Zuniga v. State, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only 
question to be answered in a factual sufficiency review is whether, considering 
the evidence in a neutral light, the fact finder was rationally justified in 
finding guilt beyond a reasonable doubt.  Id. at 484.  There 
are two ways evidence may be factually insufficient: (1) the evidence supporting 
the verdict or judgment, considered by itself, is too weak to support the 
finding of guilt beyond a reasonable doubt; or (2) when there is evidence both 
supporting and contradicting the verdict or judgment, weighing all of the 
evidence, the contrary evidence is so strong that guilt cannot be proven beyond 
a reasonable doubt.  Id. at 484-85.  “This standard 
acknowledges that evidence of guilt can ‘preponderate’ in favor of 
conviction but still be insufficient to prove the elements of the crime beyond a 
reasonable doubt.”  Id. at 485.  In other words, evidence 
supporting a guilty finding can outweigh the contrary proof but still be 
insufficient to prove the elements of an offense beyond a reasonable 
doubt.  Id.
        In 
performing a factual sufficiency review, we are to give deference to the fact 
finder’s determinations, including determinations involving the credibility 
and demeanor of witnesses.  Id. at 481; Cain v. State, 958 
S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment 
for that of the fact finder’s.  Zuniga, 144 S.W.3d at 482.
        A 
proper factual sufficiency review requires an examination of all the 
evidence.  Id. at 484, 486-87.  An opinion addressing factual 
sufficiency must include a discussion of the most important and relevant 
evidence that supports the appellant’s complaint on appeal.  Sims v. 
State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).
        When 
a defendant contests the identity element of the offense, we are mindful that 
identity may be proven by direct evidence, circumstantial evidence, or even 
inferences.  Roberson v. State, 16 S.W.3d 156, 167 (Tex. 
App.—Austin 2000, pet. ref'd).  If there is no direct evidence of the 
perpetrator's identity elicited from trial witnesses, no formalized procedure is 
required for the State to prove the identity of the accused. Clark v. State, 
47 S.W.3d 211, 214 (Tex. App.—Beaumont 2001, no pet.).  The sufficiency 
of the evidence is determined from the cumulative effect of all the evidence; 
each fact in isolation need not establish the guilt of the accused.  See 
Guevara v. State, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004); Alexander v. 
State, 740 S.W.2d 749, 758 (Tex. Crim. App. 1987).
Legal and 
Factual Sufficiency
        Appellant 
complains that the evidence is legally and factually insufficient to sustain his 
conviction. Specifically, he complains that the differences between the 
description of the robbers given by the witnesses and the discrepancies of the 
descriptions are such that no reasonable juror could conclude Appellant was 
guilty beyond a reasonable doubt.
        Bethke, 
Newbold, and McIntosh witnessed the robbery and were able to provide police with 
a description of the assailants and what they were wearing.  Bethke was 
shown a photospread approximately three days after the robbery where she 
identified Appellant as one of the armed robbers.  She was not, however, 
able to identify Appellant in court on September 3, 2003, almost two years after 
the robbery occurred.
        Newbold 
also identified Appellant in a photospread, and furthermore, clearly identified 
Appellant in court as one of the two robbers that robbed the women at the Family 
Dollar Store on December 16, 2001.  Moreover, McIntosh was shown a 
photospread about five months after the robbery and was able to identify 
Appellant as one of the men who robbed the women.  McIntosh also had no 
doubt about her in-court identification of Appellant as the man who robbed the 
store.  After McIntosh identified Appellant, the State asked, “Is there 
any doubt in your mind that this man, the Defendant, sitting over at the other 
table is the man that was with the other man that robbed you that day at the 
dollar store?”  McIntosh responded, “No. He’s the one.”
        An 
in-court identification by itself,[2] or a photospread 
identification by itself,[3] is sufficient evidence to 
support a conviction against an attack on the identity element.  Here, we 
have three individuals who identified Appellant as one of the assailants who 
robbed the women at the dollar store.  Each witness either picked 
Appellant’s picture from a photospread or identified him in court.  Any 
discrepancies in the testimony about Appellant’s clothing or appearance go to 
the weight and credibility of the witnesses and were before the jury for their 
consideration.  See Bowden v. State, 628 S.W.2d 782, 784 (Tex. Crim. 
App. 1982).  After reviewing all of the evidence in this case, we hold that 
the evidence is both legally and factually sufficient to support Appellant’s 
conviction of aggravated robbery.
Conclusion
        Having 
overruled Appellant’s sole point, we affirm the trial court’s judgment.
   
    
                                                                  PER 
CURIAM
     
   
PANEL 
F: HOLMAN, J.; CAYCE, C.J.; and MCCOY, J.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
April 21, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Aguilar v. State, 468 S.W.2d 75, 77 (Tex. Crim. App. 1971); Lewis v. 
State, 126 S.W.3d 572, 575 (Tex. App.—Texarkana 2004, pet. ref’d).
3.  
Oliver v. State, 613 S.W.2d 270, 274 (Tex. Crim. App. [Panel Op.] 1981) 
(op. on reh’g); see Meeks v. State, 897 S.W.2d 950, 954-55 (Tex. 
App.—Fort Worth 1995, no pet.).