Becker v. State






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





LEOPOLDO CRUZ,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-05-00175-CR

Appeal from the

109th District Court

of Andrews County, Texas 

(TC# 4530)



 

 

 




O P I N I O N

            Leopoldo Cruz appeals his conviction of indecency with a child, enhanced by two prior
felony convictions. Following the jury’s finding of guilt, the court found both enhancement
paragraphs true and assessed punishment at imprisonment for fifty years. We affirm.
FACTUAL SUMMARY
            In the summer of 2004, Cassie Davis and her then three-year-old daughter, L.D., lived in
Andrews, Texas with Cassie’s mother, aunt, and stepfather, Appellant. L.D. referred to Appellant
as “Poppy Leo” or “Pappa Leo.” No other men lived in the house with them and L.D. did not refer
to anyone else as Poppy Leo or Pappa Leo. She did refer to another male relative as Poppy Neal, but
Neal did not stay at the house with the family. Appellant and L.D. often watched television together
in the bedroom while her grandmother, Susan Davis, was cooking or taking a bath.
            Cassie noticed behavioral changes in L.D. during this time period. Although she had been
potty-trained since two years of age, L.D. suddenly began urinating in her panties around the end of
May. Late in the summer, L.D. and her mother were watching television on the bed when L.D.
suddenly put her hand between her mother’s legs, touched her genital area, and said “tickle, tickle.” 
L.D.’s grandmother, Susan Davis, noticed that during this time period, L.D. suddenly started sucking
her thumb, and became clingy and whiny about everything. On one occasion, L.D. asked her
grandmother to play a game with her by going under a blanket. When they were under the blanket,
L.D. wanted to tickle Susan and then grabbed her breasts, saying “booby, booby.” L.D. had never
done anything like this before.
            On July 15, 2004, Cassie took L.D. to Andrews Family Medicine because she had been
complaining of a burning sensation when she urinated. During the exam by nurse practitioner, Peggy
Thurston, L.D. stated that her “Pee pa had put his hands in her panties.” Thurston determined that
L.D. had a urinary tract infection, but based on L.D.’s statement, she also called the police and set
up a sexual assault examination. Rhonda Jagow, a certified sexual assault nurse examiner,
performed the examination on L.D. that same day. Jagow learned from the police officer who
accompanied L.D. that an allegation of fondling had been made, so she did not attempt to collect any
physical evidence. Jagow performed a detailed genital examination of L.D. and found no injury. 
In her opinion, there was nothing in the examination that was inconsistent with L.D.’s outcry of
genital touching because fondling often did not result in injury.
            Andrea Kay Chamberlain, the director of the Children’s Advocacy Center Program in
Midland, interviewed L.D. on July 23, 2004. Chamberlain utilized anatomical drawings of a male
and female and asked L.D. to label the private areas of the body. When asked if she had ever gotten
a touch she did not like, L.D. replied that “Poppy” had touched her many times. L.D. pointed to the
vaginal and anal area of the girl in the drawing and indicated that she had been touched under her
clothes. L.D. told Chamberlain that the bad touches occurred when she and Poppy were under a
blanket in a bedroom which she referred to as the tunnel. She and Poppy played a game by talking
in the tunnel. Poppy did not have on any clothes and L.D. saw his “pee pee” or “wee wee” which
she described as being brown. The bad touches occurred when L.D.’s mother was away from the
house and her grandmother was in another room. Poppy told L.D. that he wanted to touch her.
            L.D., who was four years of age at the time of trial, testified that Poppy Leo touched her “wee
wee” three times with his hand. During this testimony, she pointed to the vaginal area of an
anatomical drawing and referred to it as “wee wee.” When asked whether Poppy Leo was in the
courtroom, L.D. stated that he was not.
SUFFICIENCY OF THE EVIDENCE
            In Point of Error One, Appellant contends that the evidence is legally and factually
insufficient because L.D. did not make an in-court identification of him and the sexual assault
examination found no injuries.
Elements of the Offense
            A person commits indecency with a child if, with a child younger than seventeen years of age
and not the person’s spouse, whether the child is the same or the opposite sex, the person engages
in sexual contact with the child or causes the child to engage in sexual contact. Tex.Penal Code
Ann. §21.11(a)(1)(Vernon 2003). Sexual contact means any touching of the anus, breast, or any part
of the genitals of another person with intent to arouse or gratify the sexual desire of any person. 
Tex.Penal Code Ann. §21.01(2)(Vernon Supp. 2006).
 

Legal Sufficiency
            In reviewing legal sufficiency, we must review the evidence in the light most favorable to
the verdict to determine whether any rational trier of fact could have found the essential elements
of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U .S. 307, 318, 99 S.Ct. 2781,
2788-89, 61 L.Ed.2d 560 (1979). We defer to the trier of fact’s determinations regarding the weight
and credibility of the evidence because they are in the best position to review the evidence first hand.
Matson v. State, 819 S.W.2d 839, 843 (Tex.Crim.App. 1991); Moreno v. State, 755 S.W.2d 866, 867
(Tex.Crim.App. 1988). Our only duty is to determine whether both the explicit and implicit findings
of the trier of fact are rational by viewing all the evidence in a light most favorable of the verdict.
Dewberry v. State, 4 S.W.3d 735, 740 (Tex.Crim.App. 1999); Adelman v. State, 828 S.W.2d 418,
422 (Tex.Crim.App. 1992). In so doing, any inconsistencies in the evidence are resolved in favor
of the verdict. Matson, 819 S.W.2d at 843. The standard of review is the same for both direct and
circumstantial evidence cases. Geesa v. State, 820 S.W.2d 154, 158 (Tex.Crim.App. 1991).
            Appellant first argues that the evidence is insufficient because L.D. did not identify him in
court as her assailant. Identification of the defendant as the person who committed the offense
charged is an element of the offense which the State must prove beyond a reasonable doubt. Miller
v. State, 667 S.W.2d 773, 775 (Tex.Crim.App. 1984). The identity of a perpetrator may be proven
by either direct or circumstantial evidence. Roberson v. State, 16 S.W.3d 156, 167 (Tex.App.--Austin 2000, pet. ref’d); Couchman v. State, 3 S.W.3d 155, 162 (Tex.App.--Fort Worth 1999, pet.
ref’d), citing Earls v. State, 707 S.W.2d 82, 85 (Tex.Crim.App. 1986). If there is no in-court
identification of the perpetrator’s identity elicited from trial witnesses, no formalized procedure is
required for the State to prove the identity of the accused. Clark v. State, 47 S.W.3d 211, 214-15
(Tex.App.--Beaumont 2001, no pet.); Roberson, 16 S.W.3d at 167. The sufficiency of the evidence
is then determined from the cumulative effect of all the evidence; each fact in isolation need not
establish the guilt of the accused. See Alexander v. State, 740 S.W.2d 749, 758 (Tex.Crim.App.
1987). Further, the absence of an in-court identification is merely a factor for the jury to consider
in assessing the weight and credibility of the witness’s testimony. See Meeks v. State, 897 S.W.2d
950, 955 (Tex.App.--Fort Worth 1995, no pet.). Thus, the absence of an in-court identification does
not render the evidence insufficient where there is other evidence sufficient to identify the defendant
as the perpetrator. See Couchman, 3 S.W.3d at 162; Meeks, 897 S.W.2d at 954-55.
            In Couchman, a defendant charged with indecency with a child challenged the out-of-court
statements made by the child victim as legally insufficient on the issue of identity. Couchman, 3
S.W.3d at 162. He claimed that he was not the same “Tony” identified in the out-of-court statements
made by the child and that the child never identified him as the perpetrator in court. Id. The court
of appeals found the evidence sufficient based on (1) the child’s testimony that “Tony” had touched
her in an area where it “was not okay to touch;” (2) a relative’s testimony that “Tony” was the only
person the child knew with that name; and (3) an in-court identification of “Tony” by that relative.
Id. at 162-63.
            In this case, L.D. told nurse Thurston that “Pee pa” had put his hands in her panties and she
told the interviewer Chamberlain that Poppy had touched her vaginal and anal area many times. L.D.
testified that Poppy Leo touched her “wee wee” three times with his hand, but she did not make an
in-court identification of Appellant when asked to do so by the prosecutor. However, L.D.’s mother
testified that L.D. referred to Appellant as Poppy Leo and she did not refer to any other person as
Poppy Leo. We conclude this evidence is legally sufficient to support Appellant’s conviction. See
Couchman, 3 S.W.3d at 162-63.
            Appellant also argues that the evidence is legally insufficient because the sexual assault nurse
examiner found no injuries. Because injury is not an element of indecency with a child, we
understand Appellant to argue that the evidence is insufficient to prove the element of sexual contact. 
The Penal Code defines “sexual contact” as meaning any touching of the anus, breast, or any part
of the genitals of another person with intent to arouse or gratify the sexual desire of any person. 
Tex.Penal Code Ann. §21.01(2)(Vernon Supp. 2006). L.D. told Chamberlain that Appellant
touched her “wee wee” with his hand many times. Jagow, the sexual assault nurse examiner,
informed the jury that fondling often does not result in injury. Thus, in her opinion, L.D.’s normal
examination was not inconsistent with her outcry of genital touching. Despite the absence of any
physical injury, a rational trier of fact could have found beyond a reasonable doubt that Appellant
engaged in sexual contact by touching L.D.’s genitals with his hands.
Factual Sufficiency
            In reviewing the factual sufficiency of the evidence to support a conviction, we are to view
all the evidence in a neutral light, favoring neither party. Johnson v. State, 23 S.W.3d 1, 7
(Tex.Crim.App. 2000); Clewis v. State, 922 S.W.2d 126, 129 (Tex.Crim.App. 1996). In Zuniga v.
State, 144 S.W.3d 477, 484 (Tex.Crim.App. 2004), the Court of Criminal Appeals clarified the
factual sufficiency standard and linked the appellate standard of review to the beyond a reasonable
doubt burden of proof. There is only one question to be answered in a factual sufficiency review:
Considering all of the evidence in a neutral light, was a jury rationally justified in finding guilt
beyond a reasonable doubt? Zuniga, 144 S.W.3d at 484. There are two ways in which the evidence
may be insufficient. Id. First, when considered by itself, evidence supporting the verdict may be too
weak to support the finding of guilt beyond a reasonable doubt. Id. Second, there may be both
evidence supporting the verdict and evidence contrary to the verdict. Id. Weighing all the evidence
under this balancing scale, the contrary evidence may be strong enough that the
beyond-a-reasonable-doubt standard could not have been met, so the guilty verdict should not stand.
Id. at 485. This standard acknowledges that evidence of guilt can “preponderate” in favor of
conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt. 
Id. Stated another way, evidence supporting guilt can “outweigh” the contrary proof and still be
factually insufficient under a beyond-a-reasonable-doubt standard. Id. In performing this review,
we are to give due deference to the jury verdict, as well as to determinations involving the credibility
and demeanor of witnesses. Id. at 481.
            Regarding the issue of identity, we conclude that although L.D. did not make an in-court
identification of Appellant, the evidence supporting the verdict is not too weak to support the finding
of guilt beyond a reasonable doubt and the contrary evidence is not so strong that the beyond-a-reasonable-doubt standard could not have been met. L.D. told Chamberlain that someone named
Poppy touched her “wee wee” many times while under the blanket at her house. Although L.D.
referred to a male relative as Poppy Neal, L.D. testified that Poppy Leo was the person who touched
her. L.D. did not refer to anyone else as Poppy Leo and Poppy Neal did not stay at the house with
the family. L.D. often watched television with Appellant in the bedroom. We conclude the evidence
is factually sufficient to support the jury’s finding that Appellant committed the offense.
            The evidence is also factually sufficient to prove the sexual contact element. L.D.
consistently stated to various adults and to the jury that Poppy or Poppy Leo touched her “wee wee”
with his hands. The lack of any injury does not necessarily indicate that sexual contact did not occur
because fondling often does not result in injury. Both L.D.’s mother and grandmother noticed a
change in L.D.’s emotional behavior during the time period when the sexual contact was alleged to
have occurred. For these reasons, we overrule Point of Error One.
VOIR DIRE
            In Point of Error Two, Appellant complains that the prosecutor misstated the law during voir
dire by failing to explain that the offense must be committed against a child younger than seventeen
years of age and not the person’s spouse. While explaining the definition of “sexual contact” to the
venire, Appellant made a general objection that the prosecutor had misstated the law. On the first
occasion, the trial court instructed the venire that the attorneys were allowed to state their opinion
of the law, but the jury would receive the law from the court. The court denied Appellant’s motion
for a mistrial. On the second occasion, Appellant again made only a general objection. The court
overruled the objection and denied the request for a mistrial.
             To preserve a complaint for appellate review, a party must have presented to the trial court
a timely request, objection, or motion that states the specific grounds for the desired ruling if they
are not apparent from the context of the request, objection, or motion. Tex.R.App. P. 33.1(a)(1). 
A general objection is normally insufficient to preserve error. Long v. State, 800 S.W.2d 545, 548
(Tex.Crim.App. 1990); Fierro v. State, 706 S.W.2d 310, 317-18 (Tex.Crim.App. 1986). Further,
a defendant’s complaint on appeal must comport with the objection raised at trial. Santellan v. State,
939 S.W.2d 155, 171 (Tex.Crim.App. 1997). Appellant’s objection that the prosecutor had
misstated the law is a general objection which is insufficient to preserve error. It was not apparent
from the context of voir dire and the objections that Appellant intended to complain that the
prosecutor, while discussing the “sexual contact” element, had not informed the jury of other
elements of the offense of indecency with a child. This general objection does not comport with the
complaint presented on appeal that the prosecutor did not inform the jury that the act must be against
a child younger than seventeen years of age and not the person’s spouse. Point of Error Two is
overruled.
OUTCRY TESTIMONY
            Appellant challenges the admission of the outcry testimony by two related points of error. 
In Point of Error Three, Appellant contends that when Chamberlain’s inadmissible outcry evidence
is eliminated from consideration, the remaining evidence is legally and factually insufficient to
support his conviction. He asserts in Point of Error Four that Chamberlain’s outcry testimony was
inadmissible because she was not the first adult person to whom the child made a statement about
the offense.
            Article 38.072 of the Texas Code of Criminal Procedure allows admission of certain hearsay
testimony in the prosecution of offenses committed against children twelve years of age or younger.
See Tex.Code Crim.Proc.Ann. art. 38.072 (Vernon 2005)(the outcry statute). The outcry statute
applies only to statements made (1) by the child against whom the offense was allegedly committed,
and (2) to the first person, eighteen years of age or older, to whom the child made a statement about
the offense. Tex.Code Crim.Proc.Ann. art. 38.072, § 2(a). To be admissible under this statute,
the child’s statement to the witness must describe the alleged offense in some discernible manner
and must be more than a general allusion to sexual abuse. See Garcia v. State, 792 S.W.2d 88, 91
(Tex.Crim.App. 1990); Sims v. State, 12 S.W.3d 499, 500 (Tex.App.--Dallas 1999, pet. ref’d);
Hayden v. State, 928 S.W.2d 229, 231 (Tex.App.--Houston [14th Dist.] 1996, pet. ref’d). A trial
court has broad discretion in determining the admissibility of outcry statements pursuant to this
statute, and we will not disturb the trial court’s ruling absent an abuse of discretion. See Garcia, 792
S.W.2d at 92. An abuse of discretion occurs only where the trial court’s ruling falls outside the zone
of reasonable disagreement. See Montgomery v. State, 810 S.W.2d 372, 391 (Tex.Crim.App.
1991)(opinion on reh’g).
            Appellant does not clearly identify the first person to whom L.D. made a statement about the
offense. Appellant simply states that Chamberlain was not the first adult to whom L.D. described
the offense and he cites to four pages in the reporter’s record. The first page contains nurse
Thurston’s testimony regarding L.D.’s statement that “Pee pa had put his hands in her panties.” The
second page is nurse Jagow’s testimony that law enforcement had requested she perform the SANE
exam because an allegation of abuse had been made. The third page is a question by Appellant’s
attorney to nurse Jagow suggesting that allegations had been made by the child’s mother or the
police. Finally, the fourth page is Chamberlain’s testimony that she had spoken with L.D.’s
grandmother and aunt before she spoke with L.D. Because only Thurston testified about the
statement made to her by L.D. and there is nothing in the record to indicate what statements, if any,
L.D. made to Jagow, the mother, the grandmother, or the aunt, we will restrict our analysis of the
issue to Thurston’s testimony about L.D.’s statement. See Garcia, 792 S.W.2d at 91-92 (where
record did not reflect what statements child had made to her teacher, the trial court did not abuse its
discretion by concluding that social worker, as opposed to child’s teacher, was outcry witness).
            The trial court could reasonably have found that L.D.’s statement to Thurston that “Pee pa
had put his hands in her panties” is only a general allusion to sexual abuse because it does not
describe whether or how he touched her, and thus, does not describe the offense in some discernible
manner. We find no abuse of discretion in the trial court’s determination that Chamberlain, not
Thurston or some other witness, was the first person to whom L.D. made a statement about the
offense. We have already determined that the evidence is both legally and factually sufficient. We
overrule Points of Error Three and Four.
FINAL ARGUMENT
            In Point of Error Five, Appellant contends that the prosecutor made an improper final
argument by stating that “there is no doubt what happened” to the complainant and that the
“evidence that we have presented to you proves beyond a reasonable doubt that the Defendant is
guilty.” Proper jury argument includes four areas: (1) summation of the evidence presented at trial;
(2) reasonable deductions drawn from that evidence; (3) answers to opposing counsel’s argument;
and (4) pleas for law enforcement. McFarland v. State, 845 S.W.2d 824, 844 (Tex.Crim.App. 1992),
overruled on other grounds, Bingham v. State, 915 S.W.2d 9 (Tex.Crim.App. 1994). The
prosecutor’s argument is not improper. Just as defense counsel is permitted to argue that the State
failed to meet its burden of proof, a prosecutor is permitted to summarize the evidence and argue that
the State met its burden of proving the defendant guilty. The trial court did not err in overruling
Appellant’s objections. Point of Error Five is overruled. Having overruled each point of error, we
affirm the judgment of the trial court.
 
                                                                        ANN CRAWFORD McCLURE, Justice

October 19, 2006

Before Barajas, C.J., McClure, and Chew, JJ.
Barajas, C.J., not participating

(Do Not Publish)