# NO. 12-16-00315-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CALVIN TYSON ARNOLD,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Calvin Tyson Arnold appeals his conviction for aggravated sexual assault of a child, enhanced by a prior conviction. In two issues, he contends the evidence is legally insufficient to support his conviction and that the trial court awarded unconstitutional court costs. We affirm.

## BACKGROUND

When T.B. was seven or eight years old, she and her siblings, K.B. and V.B., went to visit their uncle, Shaun MacArthur, at his apartment. When they arrived, MacArthur introduced them to a man he called "Tyson," who was staying with him for a few days. MacArthur left the children with Tyson while he worked delivering newspapers that night. While everyone else was sleeping, Tyson asked T.B. if she wanted to play "tickle monster." While he was tickling her, Tyson pushed T.B.'s underwear to the side and placed his finger inside her vagina. He then put his penis inside her vagina. When he stopped, T.B. locked herself in the bathroom until her uncle returned home from work. While in the bathroom, she noticed that she was bleeding and cleaned herself. T.B. later told MacArthur that she thought she had started her period. MacArthur called T.B.'s mother to tell her that T.B. was locked in the bathroom and that her period had started. When T.B.'s mother arrived to pick up the children, T.B. did not tell her about the assault.

Approximately seven years later, T.B.'s mother was warning her about potential sexual abuse and recounting a story from her past when T.B. told her mother about the assault. Her mother took her to the police station to file a report. After an investigation, Appellant was arrested and charged by indictment with aggravated sexual assault of a child, enhanced by a prior conviction.[1] Appellant pleaded "not guilty." The jury found Appellant "guilty" as charged in the indictment. Following a hearing on punishment, the jury sentenced Appellant to life imprisonment. This appeal followed.

## EVIDENTIARY SUFFICIENCY

In his first issue, Appellant contends the evidence is insufficient to support the jury's determination that he was the person who sexually assaulted T.B.

### Standard of Review

The *Jackson v. Virginia* legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979); *see Brooks v. State,* 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *See Jackson,* 443 U.S. at 315–16, 99 S. Ct. at 2786–87; *see also Escobedo v. State,* 6 S.W.3d 1, 6 (Tex. App.—San Antonio 1999, pet. ref'd). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson,* 443 U.S. at 320, 99 S. Ct. at 2789; *see also Johnson v. State,* 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most favorable to the verdict. *See Jackson,* 443 U.S. at 320, 99 S. Ct. at 2789; *Johnson,* 871 S.W.2d at 186. A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See Tibbs v. Florida,* 457 U.S. 31, 41–42, 102 S. Ct. 2211, 2217–18, 72 L. Ed. 2d 652 (1982).

---

[1] *See* TEX. PENAL CODE ANN. § 22.021 (West Supp. 2016). This is a first degree felony punishable by imprisonment for life or any term of not more than ninety-nine years or less than five years and a fine not to exceed $10,000. *Id*. § 12.32 (West 2011). Appellant pleaded "true" to the enhancement paragraph contained in the indictment and his sentence was enhanced accordingly pursuant to section 12.42 of the penal code. *See id*. § 12.42 (West Supp. 2016).

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." *Id.*

**Analysis**

According to Appellant, the State failed to carry its burden of proving aggravated sexual assault of a child because T.B. was unable to identify him as her assailant either before or during trial. To satisfy the elements of aggravated sexual assault of a child, the State was required to prove that Appellant intentionally or knowingly penetrated the sexual organ of T.B., a child under fourteen at the time of the offense, by any means. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(A)(i), (a)(2)(B) (West Supp. 2016). Identity of a perpetrator may be proved by either direct or circumstantial evidence. *See Earls v. State*, 707 S.W.2d 82, 85 (Tex. Crim. App. 1986). The fact that a victim fails to identify the defendant at trial goes to the weight and credibility of the witness and is a matter for the jury's consideration. *Meeks v. State*, 897 S.W.2d 950, 955 (Tex. App.—Fort Worth 1995, no pet.). It is the jury's province to determine the credibility of the child victim and other witnesses and the weight to be given to that evidence. *See Saxton v. State*, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991).

At trial, T.B. testified that a man she knew as "Tyson" was staying with her uncle while she and her siblings were visiting. She stated that while everyone else slept, Tyson asked to play "tickle monster" with her. While he was tickling her, Tyson moved her panties to the side and put his fingers and penis in her vagina. When Tyson stopped, T.B. locked herself in the bathroom, discovered that she was bleeding, and cleaned the blood from her panties. When her uncle returned from work, she told him that she thought she had started her period. Not until several years later did T.B. tell her mother about the assault. Her mother then contacted the police. T.B. could not identify Tyson in the photos the police showed her before trial nor could she identify him at trial. She testified that she had tried to block the assailant and the assault from her memory.

In addition to T.B.'s testimony, the jury heard other witnesses testify that Appellant uses the name "Tyson." T.B.'s brother, K.B., testified that he met Appellant only once before trial, at

his uncle's apartment, and that Appellant went by the name "Tyson." He further testified that T.B. was with him when he spent the night at his uncle's while Tyson was present. K.B. stated that he remembers faces well and remembered Appellant because they played video games together while his uncle was at work. T.B.'s mother also testified that she knew Appellant as "Tyson" and that she met him on the day she took her children to MacArthur's home to spend the night.

MacArthur testified that he went to high school with Appellant and that Appellant went by his middle name, "Tyson." MacArthur claimed to not know anyone else named "Tyson" and stated that he introduced Appellant to people as "Tyson." MacArthur further stated that Tyson stayed with him at his apartment for a few days. Contrary to his prior statement to police, MacArthur testified that he did not remember whether T.B. visited while Tyson was living with him.

Given all the evidence presented at trial, T.B.'s inability to identify Appellant from a photograph does not render the evidence insufficient. Rather, when a child victim can provide only the name of her assailant, but a relative testifies that the child could only be referring to the defendant and identifies him at trial, the evidence of identity is legally sufficient. *Couchman v. State*, 3 S.W.3d 155, 162-63 (Tex. App.—Fort Worth 1999, pet. ref'd). Based on T.B.'s testimony and the witness testimony establishing that Appellant uses the name "Tyson," the jury could reasonably conclude that Appellant was the man named "Tyson" who sexually assaulted T.B. at her uncle's home. *See Brooks*, 323 S.W.3d at 899; *see also Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007); *Saxton*, 804 S.W.2d at 914; *Earls*, 707 S.W.2d at 85; *Couchman*, 3 S.W.3d at 162-63. Viewing the evidence in the light most favorable to the verdict, we conclude the jury was rationally justified in finding Appellant guilty of aggravated sexual assault of a child. *See Jackson,* 443 U.S. at 315–16, 99 S.Ct. at 2786–87; *see also Brooks,* 323 S.W.3d at 895. Having determined that the evidence is sufficient to support Appellant's conviction, we overrule his first issue.

## COURT COSTS

In his second issue, Appellant argues that this Court should modify the trial court's judgment to remove unconstitutional court costs.

**Applicable Law**

The imposition of court costs upon a criminal defendant is a "nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." ***Johnson v. State***, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). The consolidated fee statute requires a defendant to pay a court cost of $133 on conviction of a felony. TEX. LOC. GOV'T CODE ANN. § 133.102(a)(1) (West Supp. 2016). The money received is divided among a variety of state government accounts according to percentages dictated by the statute. *See id*. § 133.102(e) (West Supp. 2016); ***Salinas v. State***, 523 S.W.3d 103, 105 (Tex. Crim. App. 2017). The court of criminal appeals has held the statute unconstitutional with respect to two of these accounts: an account for "abused children's counseling" and an account for "comprehensive rehabilitation." *See **Salinas***, 523 S.W.3d at 105. As a result, the court held that any fee assessed pursuant to the statute must be reduced pro rata to eliminate the percentage of the fee associated with these accounts. ***Id.*** The court further held that its holding applies only to (1) a defendant who raised the appropriate claim in a petition for discretionary review before the date of the court's opinion, if the petition is still pending on that date and the claim would otherwise be properly before the court on discretionary review, or (2) a defendant whose trial ends after the mandate in ***Salinas*** issues. ***Id.*** at 113.

**Analysis**

Here, the final judgment shows a court cost assessment of $579. The bill of costs shows that the $133 consolidated court cost fee was assessed. However, because (1) no petition for discretionary review is pending on Appellant's claim, and (2) the proceedings in the trial court ended on December 21, 2016—prior to the court of criminal appeals's decision in ***Salinas***—the court's holding in that case does not apply. *See **id.*** Accordingly, we overrule Appellant's second issue.

**DISPOSITION**

Having overruled Appellant's two issues, we ***affirm*** the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered October 18, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

OCTOBER 18, 2017

NO. 12-16-00315-CR

**CALVIN TYSON ARNOLD,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-1218-16)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen,
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*